THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 James P.
 Austin, Appellant.
 
 
 

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2011-UP-475   
 Submitted October 1, 2011  Filed October
26, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of
 Columbia; and Solicitor Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM:  James
 P. Austin appeals his conviction for possession of cocaine.  He argues the
 circuit court erred in denying (1) his motion to suppress drug evidence because
 he was illegally seized and (2) his motion to continue the trial due to the
 unavailability of a material witness.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the circuit court
 erred in denying Austin's motion to suppress the drug evidence: State v.
 Tindall, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010) ("On appeals
 from a motion to suppress based on Fourth Amendment grounds, [an appellate
 court] applies a deferential standard of review and will reverse if there is
 clear error."); Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968)
 ("Only when the officer, by means of physical force or show of authority,
 has in some way restrained the liberty of a citizen may [a court] conclude that
 a 'seizure' has occurred."); State v. Foster, 269 S.C. 373, 378,
 237 S.E.2d 589, 591 (1977) (recognizing "that
 the police may briefly detain and question a person upon a reasonable
 suspicion, short of probable cause for arrest, that he is involved in criminal
 activity").
2.  As to whether the circuit court
 abused its discretion in denying Austin's motion for a continuance: State v.
 Colden, 372 S.C. 428, 435, 641 S.E.2d 912, 916 (Ct. App. 2007) ("The granting of a motion for a continuance is within the
 sound discretion of the [circuit] court and will not be disturbed absent a
 clear showing of an abuse of discretion."); id. at 438, 641
 S.E.2d at 918 ("[A] party asking for a continuance must show . . . what
 the party believes the absent witness would testify to and the basis for that
 belief.").
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.